IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rodney Parker,<br><br>PLAINTIFF<br><br>v.<br><br>Bryan P. Stirling, et al.,<br><br>DEFENDANTS | Case No. 5:19-cv-00938-TLW<br><br>**Order** |

  Plaintiff Rodney Parker, a South Carolina Department of Corrections (SCDC) inmate proceeding *pro se*, filed this civil action alleging various causes of action against ten named defendants and twenty-two Jane or John Doe defendants. ECF No. 1. After nine of the ten named defendants were served,[1] they timely filed a joint motion to dismiss, alleging generally that the Complaint fails to comply with Rule 8.[2] ECF No. 44. The magistrate judge issued a *Roseboro* order, informing Parker that his response to the motion to dismiss was due by August 19, 2019. ECF No. 45. He failed to respond by that date, but he had recently been transferred to a different institution, so the magistrate judge issued another order informing him that he had until October 4, 2019 to file a response or his case would be recommended for

---

[1] It appears that the named defendant who was not served is deceased. *See* ECF No. 43.

[2] His first claim is as follows: "Since approximately, July, 2016, through and continuing through the present date, [various defendants—some named, some Jane and John Does] wrongfully imprisoned Plaintiff Rodney Parker in solitary confinement without legitimate justification." ECF No. 1 at 17. His other claims all follow the same general format. *See id.* at 17–20.

1

dismissal for failure to prosecute pursuant to Rule 41(b). ECF No. 48. On October 4, 2019,[3] he filed a motion for an extension of time to respond, which the magistrate judge granted, giving him until November 7, 2019 to file his response to the motion to dismiss. ECF Nos. 51, 52. He failed to respond by that date, so on November 15, 2019, the magistrate judge issued a Report and Recommendation (Report) recommending that his case be dismissed for failure to prosecutive pursuant to Rule 41(b) and giving him until December 2, 2019 to file objections to the Report. ECF No. 54. On November 21, 2019, he responded to the motion to dismiss. ECF No. 57. He then submitted a timely objection to the Report on December 2, 2019. ECF No. 58.

In Parker's objection, he says that his failure to timely respond to the motion to dismiss was due to him being transferred once again to a new institution on October 30, 2019 and that he had difficulty accessing relevant legal materials. *Id.* In this situation, where he was transferred to a new institution only one week before his filing deadline and was ultimately only two weeks late in filing his response, the Court concludes that it would be proper to consider his response to the motion to dismiss. Accordingly, his objection to the Report is **SUSTAINED**.

Turning to the motion to dismiss and Parker's response, the Court notes that the points raised in the motion to dismiss about the Complaint are well-taken. But in his response, he alleges in some detail specific incidents that occurred on specific dates and involved specific SCDC personnel, and he includes over one hundred pages

---

[3] The filing dates of Parker's filings are the dates he placed them in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

of documentation in support.[4]  *See* ECF Nos. 57 at 2–9, 57-1.  In light of the liberal construction that the Court is required to give to *pro se* pleadings, the Court concludes that his response to the motion to dismiss should be construed as an amended complaint.  The Clerk is directed to re-file Plaintiff's response, ECF No. 57, as an Amended Complaint.  Therefore, because the pleading that Defendants' motion to dismiss responds to is no longer the operative pleading, the motion to dismiss is **DISMISSED AS MOOT**.

This matter is recommitted to the magistrate judge for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 11, 2020
Columbia, South Carolina

---

[4] The Court makes no judgment at this time about whether the documents actually do support his allegations.

3