IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rodney Parker,<br><br>PLAINTIFF<br><br>v.<br><br>Sgt. Jennings; Sgt. Blakely; Cpl. Martin; Lt. Peay; Deputy Warden Jeanette Glenn; Capt. Daniel Cotter; Sgt. A n Joku; Lt. D Smith; Sgt. Meyers; Lt. Alfred Grant; Ofc Warren Streedy; Ofc B Brown; Sgt. Barr; Officer Alanis Williams; Sgt. Schwarz; Lt. Campbell; Lt. Blakely; Lt. Mitchell; Sgt Borem; Cpl. Smith; Ofc Selman; Ofc Van Brown; Captain Daniel Hareiff; Cpl Kevin Smith.<br><br>DEFENDANTS | Case No. 5:19-00938-TLW<br><br>**Order** |

Plaintiff Rodney Parker, a South Carolina Department of Corrections (SCDC) inmate proceeding *pro se*, filed this civil action on or about March 29, 2019, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. His claims are against various correctional officers and employees for their actions or inactions stemming from several different instances of alleged excessive force taking place from 2016 to 2019. ECF No. 71.

The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom the case was assigned. ECF 255. In the Report, the magistrate judge recommends that Defendants' motion for summary judgment be granted because Plaintiff did not timely or fully

exhaust his administrative remedies. ECF No. 255 at 7. "The undersigned finds that Plaintiff failed to properly exhaust his administrative remedies by either submitting required forms related to incidents or failing to appeal grievances by filing a proper Step-Two grievance form." *Id*. at 9. The magistrate judge also acknowledged that Plaintiff failed to contest any facts presented by Defendants in their argument concerning Plaintiff's failure to exhaust. *Id*.

After the magistrate judge filed the Report, Plaintiff filed objections and Defendants replied. ECF Nos. 261, 262. In his objections to the Report, Plaintiff realleged his claims that excessive force was used in connection with numerous incidents between September 2016 and January 2019. ECF No. 261 at 1. He asserts several separate incidents documented in detail in his complaint and the Defendant's memorandum in support of their motion for summary judgment. Parker objects to the magistrate judge's finding that Plaintiff failed to properly exhaust his administrative remedies when he did not timely submit the required forms related to the alleged incidents or failed to properly file the required forms in compliance with the SCDC grievance policy. *Id*. Plaintiff argues that a "loophole" exists in the grievance process making it impossible for an inmate to follow the grievance procedure, and contends that "I did exhaust his administrative remedies by filing a grievance." *Id*. at 3. He repeats the same arguments previously made through prior filings with the Court and argues that the magistrate erred because he filed numerous request forms and grievances. *Id*.

Defendants replied to Plaintiff's objections and pointed out that, "Plaintiff does not make specific objections regarding the findings in the report. He makes conclusory allegations and, although he states that he submitted over 100 pages of evidence he does not point to any evidence in the record to support his claims." ECF No 262 at 2. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The magistrate judge sets forth 42 U.S.C. 1997e(a) which states in part that, "[n]o action shall be brought. . . until such administrative remedies as are available are exhausted." The cited caselaw requires that "all administrative remedies" be satisfied. *See Booth v. Churner*, 532 U.S. 731 (2001). The magistrate judge then cites to the evidence which leads to the conclusion that Plaintiff "did not timely and fully exhaust his administrative remedies." ECF No. 255 at 7. The magistrate judge discusses the incidents at issue, outlining why the exhaustion requirement has not been met. *Id.* at 7-10. The magistrate judge discusses in detail the affidavit of

Sherman Anderson, the General Counsel and Chief of the Inmate Grievance Branch of the South Carolina Department of Corrections (SCDC). His affidavit is detailed and specifically outlines and explains the grievance procedure established by the South Carolina Department of Corrections. *See* ECF No. 245-1. He then works through the facts regarding exhaustion as it relates to each incident raised by the Plaintiff. *Id*. The facts set forth are detailed and the analysis is comprehensive. He concludes that based on his "[r]eview of Inmate Parker's records. . . it is clear that Parker did not fully comply with the grievance process available to him under the SCDC Grievance System with regards to each of the alleged incidents." *Id*. at 10.

In his objections to the Report, the Plaintiff discusses the evidence he submitted in support of his claims. He then discusses the "grievance issue" and "would like to move. . . to explore the loophole in the grievance process." ECF No. 261 at 2. He asserts he "did exhaust my administrative remedies," generally describing the process. *Id*. However, he does not specifically address the detailed analysis regarding grievance exhaustion outlined by Sherman Anderson. The magistrate judge states that the Plaintiff, "fails to contest any facts presented by Defendants in making their argument concerning Plaintiff's failure to exhaust. Plaintiff's failure to address or contest this argument is fatal to his case." ECF No. 255 at 10. This Court concludes that the magistrate judge's conclusion is persuasive and supported by the record in this case.

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. The Court has also carefully reviewed the briefing and

the record, along with relevant caselaw, including *Woodford v. Ngo*, 548 U.S. 81, 89 (2006), *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50 (1938). For the reasons stated by the magistrate judge, the Report, ECF No. 255, is **ACCEPTED**, Plaintiff's objections are **OVERRULED**, and the Defendants' motion for summary judgment is **GRANTED**. This case is now **DISMISSED**.

    **IT IS SO ORDERED**.

                                       *s/ Terry L. Wooten*
                                       Terry L. Wooten
                                       Senior United States District Judge

December 6, 2021
Columbia, South Carolina